**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANUEL CORRALES, | Case No. 25-cv-0368-BJC-DDL |
| Plaintiff, | **ORDER:** |
| v. | **(1) GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS [ECF NO. 12] AND** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | **(2) DENYING MOTION TO STAY AS MOOT [ECF NO. 11]** |

Pending before the Court is Plaintiff Manuel Corrales' Motion to Stay (ECF No. 11) and Defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8. (ECF No. 12). For the reasons stated below, the Court grants in part and denies in part Defendant's motion to dismiss and denies Plaintiff's motion to stay as moot.

## I.    FACTUAL BACKGROUND

This case concerns a 2007 attorney-client written fee agreement between Plaintiff and a purported representative of the Miwok Indian Tribe, Silvia Burley ("Burley"). The

1

contract provided that Plaintiff would be paid an hourly fee, plus a percentage of the funds held by the California Gambling Control Commission for the Tribe in a Revenue Sharing Trust Fund.  See FAC ¶ 12.  On March 10, 2009, Plaintiff entered into an amended contract (2009 Fee Agreement) with Burley that required Burley to pay for actual costs instead of Plaintiff advancing costs on behalf of Burley.  FAC ¶ 67-68.

Plaintiff claims that decisions rendered by Assistant Secretary of the Interior ("ASI") Kevin Washburn in 2015 and ASI Newland in 2022 retroactively nullified Burley's authority to enter into the fee agreement with him and thereby rendered the contact void.  As a result of those decisions, Plaintiff argues he has suffered damages and asserts claims under the Federal Tort Claims Act ("FTCA") against ASI Washburn and ASI Newland.

The ASI decisions were prompted by a longstanding dispute concerning the leadership of the Miwok Tribe, which began when Yakima Dixie ("Dixie"), the only living descendant of the last Miwok member, Mabel Dixie, granted Silva Burley and her family permission to enroll in the tribe in 1998.  *Cal. Valley Miwok Tribe v. Zinke*, (*Miwok IV*), 2017 WL 2379945, *1-2 (E.D. Cal. June 1, 2017).  In November 1998, the Bureau of Indian Affairs ("BIA") executed Resolution #GC-98-01 ("1998 Resolution"), which listed Dixie and the Burley family as Tribe members, established a General Council to govern the Tribe, and recognized Burley's leadership.  *Id.* *2.

After Burley attempted in 2004 to submit a newly adopted constitution to show that the Tribe was organized, the BIA notified her that she could not be considered a tribal chairperson, but she was considered a "person of authority" instead.  *Cal. Valley Miwok Tribe v. Cal. Gambling Control Commission*, 2008 WL 11385633, *1 (E.D.Cal July 24, 2008); *Miwok IV*, 2017 WL 2379945, *1. Multiple challenges followed this decision, and in 2011, ASI Larry Echo Hawk issued a decision that stated, in relevant part, that the Tribe consisted of five people (Dixie, Burley, Burley's two daughters, and Burley's granddaughter) and that the "November 1998 Resolution established a General Council comprised of all the adult citizens of the Tribe, with whom the BIA may conduct

government-to-government relations." *Cal. Valley Miwok Tribe v. Jewell*, (*Miwok III*) 5 F.Supp. 3d 86, 94-95 (D.D.C. Dec. 13, 2013). After being challenged, the 2011 decision was remanded to the Assistant Secretary to reconsider the issues. *Id.* at 100-01.

On remand, ASI Washburn issued a decision in December 2015 (Washburn Decision) that concluded "that the Tribe's membership is more than five people, and that the 1998 General Council does not consist of valid representatives of the Tribe." FAC at 135-42. ASI Washburn based his conclusion on a detailed history of the Tribe and concluded that he could not "recognize the actions to establish a tribal governing structure taken pursuant to the 1998 Resolution. Ms. Burley and her family do not represent the [California Valley Miwok Tribe] CVMT." *Id.* at 139-140. Burley, represented by Plaintiff, challenged this decision on grounds that it violated the Administrative Procedures Act ("APA"), and the Ninth Circuit affirmed. *Cal. Valley Miwok Tribe v. Zinke*, 745 F.App'x 46, 47 (9th Cir. 2018) (*Miwok V*).

On May 31, 2022, ASI Newland corrected the Washburn Decision insofar as it "relied on factually inaccurate genealogy" and resulted in eligible individuals being barred from participation in the Tribe (Newland Decision). FAC at 146. The Newland Decision stated:

> I hereby revise the Washburn Decision to include the descendants of the Miwok Indians listed on the Indian Census Roll for Calaveras County, dated June 30, 1929 (the "1929 Census") among the 'Eligible Groups' able to take part in the initial organization of the Tribe . . . . Except for this single revision, I reiterate and endorse the Washburn Decision in full as an authoritative statement of the Department's position regarding the Tribe's legal status and eligibility for initial organization.

FAC at 146. The Newland Decision was upheld as reasonable under the APA in 2024. *Cal. Valley Miwok Tribe v. Haaland*, 2024 WL 3756397, at *13-14 (D.D.C. Aug. 12, 2024)

Plaintiff argues that that ASI Washburn and ASI Newland "were negligent in preparing their respective Decisions" and "wrongfully retroactively nullified Burley's" authority to enter into the fee contract with Plaintiff in violation of the Federal Tort Claims

Act ("FTCA"). ECF No. 5 ¶ 94. Plaintiff also asserts that ASI Newland and ASI Washburn negligently "interfered with Plaintiff's right to recover his fees and costs" when they retroactively nullified Burley's authority as the Tribal Leader. ECF No. 5 ¶ 110. As a result of the actions of ASI Newland and ASI Washburn, Plaintiff argues he lost his right to collect $5.8 million in earned fees and costs in representing the Tribe for almost 13 years. ECF No. 5 ¶ 1, 14, 107.

## II.    PROCEDURAL BACKGROUND

Plaintiff has two cases pending before this Court.  On October 23, 2024, Plaintiff filed an action in this Court claiming a violation of the APA and seeking a way for the federal government to state that Burley had sufficient tribal authority in December 2007 to enter into a contract with Plaintiff on behalf of the Tribe. *See Corrales v. Dutschke, et al.,* No. 23-cv-1876-BJC-DDL (S.D. Cal.).

On February 19, 2025, Plaintiff filed the present case based on the same factual allegations underlying the prior action but asserting two claims under the FTCA against ASI Washburn and ASI Newland: Negligence and Negligent Interference with Prospective Economic Relations.  ECF No. 1.

On February 27, 2025, Plaintiff filed a First Amended Complaint, which is the operative pleading in this case. ECF No. 5. On April 30, 2025, Plaintiff filed a Motion to Stay Action Pending Resolution of State Court Action.  ECF No. 11. On May 2, 2025, Defendants filed the present Motion to Dismiss.  ECF No. 12.  On May 20, 2025, Plaintiff filed an Opposition to the Motion to Dismiss.  ECF No. 13.  On May 21, 2025, Defendant filed an Opposition to the Motion to Stay.  ECF No. 14.  On May 23, 2025, Plaintiff filed a Reply to the Motion to Stay. ECF No. 15.  On May 30, 2025, Defendants filed a Reply to the Motion to Dismiss.  ECF No. 16.

On July 3, 2025, the Court issued an Order to Show Cause directing the parties to provide a status report on the ongoing state court case, whether Plaintiff had been paid his attorney's fees, and whether consolidation of the two pending cases was appropriate.  ECF

No. 17.  On July 8, 2025, the parties filed a joint status report stating that the San Diego Superior Court set a case management conference ("CMC") for October 24, 2025, regarding the Tribe's demurrer, Plaintiff had not been paid his fees, and consolidation was not appropriate for the two pending cases.  ECF No. 18.  The parties stated that if the demurrer was overruled, Plaintiff believed the parties would go to mediation to resolve the case.  *Id.*

On January 13, 2026, the Court issued another Order to Show Case directing the parties "to file a joint status report regarding the outcome of the October 24, 2025, CMC and the current status of the San Diego Superior Court case."  ECF No. 19.  On January 15, 2026, Plaintiff filed a Joint Status Report stating that

> On October 31, 2025, the trial court, the Hon. Matthew C. Braner, in *Corrales v. The California Gambling Control Commission: California Valley Miwok Tribe*, Case No. 25CU022051C, granted the Tribe's hybrid motion to quash and dismiss the Complaint against it on grounds that Silvia Burley ("Burley"), the Tribal leader who signed Corrales' Fee Agreement, did not have the authority to sign the Fee Agreement and waive the Tribe's sovereign immunity.

ECF No. 21.

After the trial court's decision, Plaintiff states that he filed a motion for new trial and the court set a hearing on March 20, 2026, to determine whether Plaintiff would be permitted to file a motion for new trial.  *Id.* He further states that the California Gaming Commission has demurred to the Complaint, and the demurrer was set for February 13, 2026.  *Id.* No additional updates have been provided by the parties.

### III.    LEGAL STANDARDS

#### A. FRCP 12(b)(1)

A case may be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  *Leite v. Crane*, 749 F.3d 1117, 1121 (9th Cir. 2014); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1123 (9th Cir. 2010). A defendant can choose to challenge jurisdiction by means of a "facial" or "factual" attack.

*Leite,* 749 F.3d at 1121. "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004)). The district court "resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Id.* "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.*

### B. FRCP 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed.R.Civ.P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 663-64. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If Plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible," the complaint "must be dismissed." *Id.* at 570.

In reviewing the plausibility of a complaint on a motion to dismiss, a court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

6

519 F.3d 1025, 1031 (9th Cir. 2008).  But courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

### C. FRCP 8

Rule 8 requires a complaint to "contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8. Courts may dismiss a complaint that violates Rule 8.  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985). Generally, courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003); *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (per curiam) (noting that courts hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers").  However, "a liberal interpretation of a [pro se] complaint may not supply essential elements of the claim that were not initially pled." S*ee Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

### IV.   DISCUSSION

#### A.  Standing

Defendant argues that the FAC must be dismissed because Plaintiff fails to connect his injury to the 2015 Washburn decision, therefore, he cannot allege he has suffered an "injury in fact" as required to assert standing.   Mot. at 19.

Federal judicial power is limited to "cases" and "controversies." U.S. Const., Art. III, § 2; *SEC v. Medical Committee for Human Rights*, 404 U.S. 403, 407 (1972).  A plaintiff must allege he has standing to bring suit. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury

will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envt'l Servs., Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan*, 504 U.S. at 560-61. A plaintiff bears the burden of establishing these elements by a preponderance of the evidence. *Leite,* 749 F.3d at 1121.

Plaintiff provides a lengthy description of the leadership dispute, explains Burley's role in that conflict, and argues that Burley had the proper authority to enter an enforceable agreement with Plaintiff. He argues that ASI Washburn was aware that Plaintiff was representing Burley and contends that he was "adversely impacted downstream by Washburn's 2015 Decision, even though he is not mentioned in his Decision." Oppo. at 17*,* 18.  He also claims that he was adversely impacted by ASI Newland's Decision that corrected a portion of the 2015 Washburn Decision. *Id.* at 18.  This is sufficient, he argues, to confer standing. *Id.* The Court agrees.

To determine whether Plaintiff has standing at this stage of the pleadings, the issue is whether the TAC contains sufficient allegations, taken as true, to connect the alleged injury to the ASI Washburn Decision.  Though repetitive and lengthy[1], Plaintiff repeatedly asserts that the 2015 Washburn Decision retroactively removed Burley's authority, thereby nullifying the Fee Agreement payment provisions and causing his asserted harm.  This is sufficient on a motion to dismiss to assert standing. *Leite*, 749 F.3d at 1121. Defendant's motion to dismiss is denied on this ground.

### B.  Statute of Limitations

Defendant argues that the Complaint must be dismissed for Plaintiff's failure to bring his claims before the expiration of the two-year statute of limitations for FTCA

---

[1] Defendant also requests dismissal pursuant to FRCP Rule 8 for Plaintiff's failure to provide a "short and plain statement of the claim" with "simple and concise" allegations. ECF No. 12 at 23.  According to Defendant, the FAC is excessively long at fifty-nine pages, and contains "multiple verbose and repetitive paragraphs." *Id.* at 23-24.  While the Court agrees that Plaintiff's claims are at times disorganized, repetitive, and verbose, *pro se* pleadings, such as the FAC, are construed liberally. *See Bernhardt*, 339 F.3d at 925. Therefore, the Court declines to dismiss the TAC on this ground.

claims.  The Court agrees.

Under the FTCA, claims must be submitted within two years of a claim's accrual. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"). "As a general rule, a claim accrues 'when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir. 2008) (citations and quotations omitted); *Winter v. United States*, 244 F.3d 1088, 1090 (9th Cir. 2001)("A claim accrues when a plaintiff knows that he has been injured and who has inflicted the injury.")  Moreover, "the cause of action accrues even though the full extent of the injury is not then known or predictable . . . Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief." *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (citations omitted); *Ashley v. United States*, 413 F.2d 490, 493 (9th Cir. 1969) ("To hold that one who knows that an injurious tort has been committed against him by the Government may delay the filing of his suit until the time, however long, when he becomes knowledgeable as to the precise extent of the damage resulting from the tort would impose intolerable burdens upon the Government and would, in effect, frustrate the expressed will of the Congress.")

Plaintiff claims that "but for the 2015 ASI Decision retroactively nullifying the Tribal leader's authority and the subsequent ASI Decision in 2022 reaffirming the retroactive language of the 2015 Decision, Plaintiff would not be barred from recovering his fees."   ECF No. 5 ¶ 3, 43. Accordingly, Plaintiff was on notice of the alleged injured in 2015 when ASI Washburn issued his decision and accrual began at that time.  He filed the current action in 2024, well after the expiration of the two-year statute of limitations. Therefore, the FTCA claims are time-barred.

Plaintiff attempts to argue around the statute of limitations by claiming that the injury accrued in October 2023.  Opposition at 6.  He claims that he "sued to collect his

fees in State Court," but the state court ruled against him due to the 2015 Washburn Decision. *Id.* He appealed that decision, which was affirmed by the appellate state court in October 2023. *Id.* In support, he cites *Corner Post Inc. v. Gov.s of Fed. Res. Sys.*, 603 U.S. 799, 809 (2024) for the proposition that a cause of action accrues when a plaintiff has "the right to 'file suit and obtain relief.'" However, *Corner Post* is distinguishable because it addressed a claim under the APA which "authorizes persons injured by agency action to obtain judicial review by suing the United States or one of its agencies, officers, or employees." *Id.* at 807. Based on the purpose and function of the APA, the court held that "[a]n APA plaintiff does not have a complete and present cause of action until she suffers an injury from final agency action. . ." *Id.* at 809.

By contrast, an FTCA claim "accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its cause." *Tunac v. United States*, 897 F.3d 1197, 1206 (9th Cir. 2018); *Martinez v. Kaweah Delta Medical Center,* 637 F.Supp.3d 1039, 1044 (E.D. Cal. Oct. 31, 2022)("an FTCA claim accrues when the plaintiff 'knows both the existence and the cause of his injury.'") By his own admission in the TAC, Plaintiff knew of his alleged injury no later than 2015 when ASI Washburn issued the decision. Accordingly, the Court grants Defendant's motion to dismiss with prejudice.

### C. Contract Rights Exception

Even if the Court determined that Plaintiff satisfied the FTCA statute of limitations, the claims are barred by the contract rights exception.

Defendant contends that the TAC must be dismissed with prejudice because Defendant is immune from claims that allege interference with contractual agreements, and that is precisely what Plaintiff is asserting here. Mot. at 14. Specifically, Defendant argues Plaintiff is alleging that ASI Washburn and ASI Newman nullified Burley's authority to enter into the Fee Agreement, thereby voiding the contract and preventing him from being paid in accordance with that contract. *Id.* at 14-15.

10

The United States is generally immune from suit, with certain exceptions. *FDIC v. Meyer,* 510 U.S. 471, 475 (1994). For instance, sovereign immunity is waived for claims under the FTCA "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015) (quoting 28 U.SC. § 1346(b)(1)). However, "Congress was careful to except from the Act's broad waiver of immunity several important classes of tort claims." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984). The government is immune to FTCA suits that "arise out of . . . interference with contract rights." 28 U.S.C. § 2680(h). "In the Ninth Circuit, the tort of interference with contract rights involves the existence of a special economic relationship between a plaintiff and a third party, which is interrupted by the intentional act of the government." *Safari Aviation, Inc. v. United States*, 2008 WL 1960145, at *10 (D. Haw. May 2, 2008). "This exception includes both intentional and negligent interference with contract rights." *Id.* "The FTCA bars claims for interference with prospective economic gain or advantage, 'no matter what words are used to describe such a tort.'" *Gov't App Solutions, Inc., v. United States*, 2024 WL 4608311, *3 (E.D. Cal. Oct. 29, 2024).

The facts as alleged in the TAC demonstrate that at the heart of Plaintiff's claims is a contract between Burley, as the purported representative of the Tribe, and Plaintiff for legal services. Plaintiff asserts that he is entitled to damages due to the interference with that contractual relationship by ASI Washburn in his 2015 decision retroactively stripping any legal authority Burley had to enter into the agreement, and from ASI Newland for his 2022 decision that affirmed the 2015 decision. TAC ¶ 3 ("But for the 2015 ASI Decision retroactively nullifying the Tribal leader's authority and the subsequent ASI Decision in 2022 reaffirming the retroactive language of the 2015 ASI Decision, Plaintiff would not be barred from recovering his fees.") Accordingly, Plaintiff's claims are barred under §

11

2680(h) because he is alleging that the decisions of ASI Washburn and ASI Newland interfered with his contractual fee agreement.

Plaintiff contends that the contract exception does not apply because "he does not solely allege that the government interfered with his contract with the Tribe" but also "independently and separately and distinctly" alleges that the government owed him a duty of due care when resolving the Tribal leadership dispute that is separate and apart from the duty not to interfere with contractual rights. Oppo. at 9. According to Plaintiff, the government negligently discharged this duty of care by retroactively nullifying Burley's right to contract on behalf of the Tribe, and therefore, he is owed damages, citing *Mundy v. United States,* 983 F.2d 950 (9th Cir. 1993) and *Sowell v. United States,* 835 F.2d 1133 (5th Cir. 1988) in support. *Id*. Neither case supports Plaintiff's position.

In *Mundy*, the plaintiff was a government contractor who brought a claim under § 2680(h) for misrepresentation under the FTCA when his security clearance was denied as the result of a missing document in his file. *Mundy*, 983 F.2d at 952. The court found that the basis for the claim was not interference with contract, but the "failure to process a security clearance with due care" for omitting the document from his file. *Id.* at 953. The court determined that "the negligence at the heart of Mundy's claim lies in the processing errors of misfiling and the failure to discover the misfiling" and that the government actor owed plaintiff a duty to correctly perform an "operational task." *Id.* at 952. Here, the decisions of ASI Washburn and ASI Newland are nothing like the operational task of correctly compiling an employee security file. Instead Plaintiff's claims are a direct challenge to their interference with his contractual relationship with Burley and the Tribe.

Plaintiff's reliance on *Sowell* fares no better. First, *Sowell* is not binding on this Court, as it is a Fifth Circuit case. *Sowell v. United States,* 835 F.2d 1133 (5th Cir. 2013). More importantly, *Sowell* can be distinguished. The court in *Sowell* applied Louisiana law when considering whether the FTCA contract exception applied to a claim that the Army "negligently misplaced" a servicemember's insurance application, resulting in loss of the

insurance coverage.  835 F.2d at 1135.  The court concluded that "the duty the Army owed to use due care in processing Sowell's allotment forms is distinct from any duty the Army may have had not to interfere with existing or potential contractual relationships between Sowell and [insurance company]." *Id*.

Despite Plaintiff's attempts to draw parallels to these cases, his claims arise directly from ASI Washburn and ASI Newland's decisions that allegedly obviated Burley's authority to enter the Fee Agreement and its enforceability.  This is not a case of a misplaced document, or failure to submit required forms, where a duty of care is implied.  Instead, Plaintiff contends he cannot get paid because the government, vis-à-vis the ASI actions, interfered with his contractual rights.  Accordingly, the Court finds no waiver of sovereign immunity in the present case, and the Court lacks subject matter jurisdiction.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983).  Therefore, the Court grants Defendant's motion to dismiss with prejudice.

### D. Motion to Stay

Plaintiff requests that this Court stay the current action until his pending state action is resolved.  ECF No. 5 at 3.  Defendant opposes this request, arguing that this Court's jurisdiction to hear the present matter is disputed, and Plaintiff arguably lacks standing to bring this case.  ECF No. 14 at 3.

As noted above, the statute of limitations period has run on Plaintiff's FTCA claims, and the Court lacks subject matter jurisdiction over Plaintiff's claims because the government is immune from suit over FTCA cases concerning contact interference.  Therefore, the outcome of the state court case will not have an effect on the present action, and the motion for stay is denied as moot.

//

//

//

//

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the Court (1) **DENIES** Plaintiff's Motion to Stay; and (2) **GRANTS** Defendant's motion to dismiss with prejudice and without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  March 31. 2026

Honorable Benjamin J. Cheeks
United States District Judge

14